Filed 10/11/13  P. v. Kiedrowski CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAM EZRA KIEDROWSKI,<br><br>    Defendant and Appellant. | H039510<br>(Santa Clara County<br>Super. Ct. No. B1262585) |

Defendant Adam Ezra Kiedrowski robbed a bank in San Jose in August 2012.  He claimed to have a gun, but the teller did not see a gun.  A week later, in September 2012, defendant robbed a bank in Sunnyvale.  This time he showed the teller a gun in his waistband.  He left fingerprints on the teller's window during the September robbery, which led to his arrest a few weeks later.  He admitted to the police that he had committed both robberies.

Defendant was charged by complaint with two counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)).  The complaint also alleged that he had personally used a deadly or dangerous weapon (Pen. Code, § 12022, subd. (b)(1)) in the commission of the September robbery.  Defendant waived his rights and pleaded no contest to both counts and admitted the weapon use enhancement in exchange for a cap on his sentence of two years in state prison.

The probation officer recommended that defendant, who had a lengthy history of heroin addiction and criminal conduct, be sentenced to a two-year prison term. At the sentencing hearing, the court agreed that it would allow defendant to withdraw his pleas and admission if he wished due to the fact that, during plea negotiations, defendant had been under the impression that he would be eligible for probation. He was not eligible for probation because he had been on probation for a felony at the time of the offenses. Before defendant decided whether he wished to withdraw his pleas and admission or go forward with sentencing and receive a two-year prison term, the court informed defendant that his presentence conduct credit and his prison worktime credit would be restricted because his offenses were violent felonies. Defendant chose not to withdraw his pleas and admission. The court then noted that it would not have granted probation even if it had had the discretion to do so.

The court imposed the two-year lower term for the September robbery and a concurrent two-year term for the August robbery. It stayed the punishment for the weapon enhancement. Defendant timely filed a notice of appeal.

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf but has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

_____
Mihara, J.

WE CONCUR:


_____
Premo, Acting P. J.


_____
Grover, J.